UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

04 10798 NG

THOMAS W TREFNY,
    Plaintiff

V.

HYANNIS HARBOR TOURS, INC.,
    Defendant

Civil Action
No. _____

RECEIPT # _____
AMOUNT $ N/A
SUMMONS ISSUED YES
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 4-22-04

MAGISTRATE JUDGE Alexander

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes the Plaintiff in the above-entitled matter and for his complaint states:

### General Factual Allegations

1. The Plaintiff, THOMAS W. TREFNY, is a resident of Cotuit, County of Barnstable, Commonwealth of Massachusetts.

2. The Defendant, HYANNIS HARBOR TOURS, INC., is a corporation organized under the laws of the Commonwealth of Massachusetts with a principal place of business in Hyannis, County of Barnstable, Commonwealth of Massachusetts.

3. On or about July 26, 2001, the Defendant, HYANNIS HARBOR TOURS, INC., had a principal place of business in Hyannis, Barnstable County, Commonwealth of Massachusetts.

4. On or about July 26, 2001, the Plaintiff, THOMAS W. TREFNY, was employed by the Defendant, HYANNIS HARBOR TOURS, INC.

5. On or about July 26, 2001, the Plaintiff, THOMAS W. TREFNY, was employed

by the Defendant, HYANNIS HARBOR TOURS, INC., as a seaman, and a member of the crew of the M/V GREY LADY II.

6. On or about July 26, 2001, the Defendant, HYANNIS HARBOR TOURS, INC., owned the M/V GREY LADY II.

7. The Defendant, HYANNIS HARBOR TOURS, INC., chartered the M/V GREY LADY II from some other person or entity such that on or about July 26, 2001 the Defendant HYANNIS HARBOR TOURS, INC., was the owner pro hac vice of the M/V GREY LADY II.

8. On or about July 26, 2001, the Defendant, HYANNIS HARBOR TOURS, INC., operated the M/V GREY LADY II.

9. On or about July 26, 2001, the Defendant, HYANNIS HARBOR TOURS, INC., or the Defendant's agents, servants, and/or employees, controlled the M/V GREY LADY II.

10. On or about July 26, 2001, the M/V GREY LADY II was in navigable waters.

11. On or about July 26, 2001, while in the in the performance of his duties in the service of the M/V GREY LADY II, the Plaintiff, THOMAS W. TREFNY, sustained personal injuries.

12. Prior to and at the time he sustained the above-mentioned personal injuries, the Plaintiff, THOMAS W. TREFNY was exercising due care.

## Jurisdiction

13. This Court has subject matter jurisdiction over this matter pursuant to The Merchant Marine Act of 1920, commonly called the Jones Act, 46 U.S.C., §688 et. seq.

14. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1333.

## COUNT I

### THOMAS W. TREFNY v. HYANNIS HARBOR TOURS, INC.

(JONES ACT NEGLIGENCE)

15. The Plaintiff, THOMAS W. TREFNY, reiterates the allegations set forth in paragraphs 1 through 14 above.

16. The personal injuries sustained by the Plaintiff, THOMAS W. TREFNY, were not caused by any fault on his part but were caused by the negligence of the Defendant, its agents, servants and/or employees.

17. As a result of said injuries, the Plaintiff, THOMAS W. TREFNY, has suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

18. This cause of action is brought under the Merchant Marine Act of 1920, commonly called the Jones Act.

WHEREFORE, the Plaintiff, THOMAS W. TREFNY, demands judgment against the Defendant, HYANNIS HARBOR TOURS, INC., in an amount to be determined by a jury together with interest and costs.

## COUNT II

### THOMAS W. TREFNY v. HYANNIS HARBOR TOURS, INC.

(GENERAL MARITIME LAW - UNSEAWORTHINESS)

19. The Plaintiff, THOMAS W. TREFNY, reiterates the allegations set forth in paragraphs 1 through 14 above.

20. The personal injuries sustained by the Plaintiff, THOMAS W. TREFNY, were

due to no fault of his, but were caused by the Unseaworthiness of the M/V GREY LADY II.

21. As a result of said injuries, the Plaintiff, THOMAS W. TREFNY has, suffered pain of body and anguish of mind, lost time from his usual work and pursuits, incurred medical expenses, and has sustained and will sustain other damages as will be shown at trial.

22. This cause of action is brought under the General Maritime Law for Unseaworthiness and is for the same cause of action as Count I.

WHEREFORE, the Plaintiff, THOMAS W. TREFNY, demands judgment against the Defendant, HYANNIS HARBOR TOURS, INC., in an amount to be determined by a jury, together with interest and costs.

## COUNT III

### THOMAS W. TREFNY v. HYANNIS HARBOR TOURS, INC.

(GENERAL MARITIME LAW - MAINTENANCE and CURE)

23. The Plaintiff, THOMAS W. TREFNY, reiterates all of the allegations set forth in Paragraphs 1 through 14 above.

24. As a result of the personal injuries described in paragraph 11 above, the Plaintiff, THOMAS W. TREFNY, has incurred and will continue to incur expenses for his maintenance and cure.

WHEREFORE, the Plaintiff, THOMAS W. TREFNY, demands judgment against the Defendant, HYANNIS HARBOR TOURS, INC., in the amount of Fifty Thousand dollars for maintenance and cure, together with costs and interest.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES

RAISED IN COUNTS, I, II, and III.

                              Respectfully submitted for the
                              the Plaintiff, THOMAS W. TREFNY,
                              by his attorney,

_[signature]_

David F. Anderson
Carolyn M. Latti
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000

Dated: 4/20/04