UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| THOMAS W. TREFNY, |
| Plaintiff |
| v. |
| HYANNIS HARBOR TOURS, INC., |
| Defendant |

FILED
IN CLERK'S OFFICE

2004 JUN -2 P 12: 51

U.S. DISTRICT COURT
DISTRICT OF MASS.

CIVIL ACTION NO. 04-10798-NG

## ANSWER

The defendant, Hyannis Harbor Tours, Inc.("Hyannis") hereby responds to the allegations of the plaintiff, Thomas W. Trefny ("Trefny" or "Plaintiff"), in numbered paragraphs corresponding to those of the Complaint, all pursuant to Fed. R. Civ. P. 8. Headings appearing in the Complaint are repeated here for ease of reference and without prejudice.

1. Hyannis, for the purposes of the present action only, elects not to contest the allegations of this paragraph.

2. Hyannis, for the purposes of the present action only, elects not to contest the allegations of this paragraph.

3. Hyannis, for the purposes of the present action only, elects not to contest the allegations of this paragraph.

4. Hyannis, for the purposes of the present action only, elects not to contest the allegations of this paragraph.

5. Hyannis, for the purposes of the present action only, elects not to contest the allegations of this paragraph.

6. Hyannis, for the purposes of the present action only, elects not to contest the allegations of this paragraph.

7. Denied.

8. Hyannis, for the purposes of the present action only, elects not to contest the allegations of this paragraph.

9. Hyannis, for the purposes of the present action only, elects not to contest the allegations of this paragraph.

10. Hyannis, for the purposes of the present action only, elects not to contest the allegations of this paragraph.

11. Hyannis, for the purposes of the present action only, elects not to contest the allegations of this paragraph regarding Trefny's being employed by Hyannis at the time and incurring some injury at the time, but is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph, and accordingly puts plaintiff to his proof.

12. This paragraph does not allege well-pleaded facts but instead sets forth a characterization of other parts of the Complaint and/or a conclusion of law as to which Hyannis is not obliged to respond. To the extent any response is deemed to be required, Hyannis is without sufficient knowledge or information to form a belief as to the truth of this allegation, and accordingly puts plaintiff to his proof.

13. Hyannis, for the purposes of the present action only, elects not to contest the allegations of this paragraph.

14. Hyannis, for the purposes of the present action only, elects not to contest the allegations of this paragraph, but only as to admiralty jurisdiction, and otherwise puts plaintiff to his proof.

## COUNT I

15. Hyannis hereby restates and incorporates by reference its responses to the preceding Paragraphs as if set forth here at full length.

16. Denied.

17. Hyannis elects not to contest that plaintiff underwent certain medical treatment, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

18. This paragraph does not allege well-pleaded facts but instead sets forth a characterization of other parts of the Complaint and/or a conclusion of law as to which Hyannis is not obliged to respond. To the extent any response is required, Hyannis denies any purported factual allegation.

## COUNT II

19. Hyannis hereby restates and incorporates by reference its responses to the preceding Paragraphs as if set forth here at full length.

20. Denied.

21. Hyannis elects not to contest that plaintiff underwent certain medical treatment, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

22. This paragraph does not allege well-pleaded facts but instead sets forth a request for relief as to which Hyannis is not obliged to respond. To the extent any response is deemed to be required, Hyannis is without sufficient knowledge or information to form a belief as to the truth of this allegation, and accordingly puts plaintiff to his proof.

## COUNT III

23. Hyannis hereby restates and incorporates by reference its responses to the preceding Paragraphs as if set forth here at full length.

24.     Hyannis is without knowledge or information sufficient to form a belief as to the truth of this allegation, except that Hyannis has discharged all obligations of maintenance and cure of which it has become aware.

### FIRST AFFIRMATIVE DEFENSE

The claim of the defendant is barred or limited by the federal statutes for the limitation of shipowners' liability, including 46 U.S.C. (App.) §183 and associated sections of statute.

### SECOND AFFIRMATIVE DEFENSE

If any injury alleged by the plaintiff is found, the cause of it was in whole or in part his own negligence, for which reason the claim is barred or limited.

### THIRD AFFIRMATIVE DEFENSE

This action is barred or limited, in whole or in part, by reason of payment, and/or by reason of actions of the plaintiff that have discharged any alleged duty of maintenance and cure.

### FOURTH AFFIRMATIVE DEFENSE

Any obligations that Hyannis might have otherwise had to the plaintiff have been discharged and extinguished by his conduct, and for this reason Hyannis owes the plaintiff nothing.

### FIFTH AFFIRMATIVE DEFENSE

The Plaintiff failed to mitigate his damages, for which reason his claim is barred or limited.

### SIXTH AFFIRMATIVE DEFENSE

If the Plaintiff has been damaged as alleged (which is denied), the responsibility for this lies with some person or entity for whose conduct the defendant is not responsible.

### SEVENTH AFFIRMATIVE DEFENSE

The claim is barred by the primary duty doctrine and by the failure of the plaintiff himself to correct the allegedly unsafe condition to which the plaintiff attributes the damages claimed in this case.

WHEREFORE the Defendant Hyannis demands that the Complaint be dismissed, that all relief sought against it be denied, that it may have its costs of defense of this matter, and that it may have such other relief as the Court may deem just.

### **JURY DEMAND**

Hyannis demands a jury trial on all issues so triable.

CERTIFICATE OF SERVICE AND COMPLIANCE: The undersigned counsel hereby certifies that s/he has this day provided a true copy of this document to all counsel of record and all parties appearing *pro se* (if any) by the method indicated alongside their respective names as shown below.

Dated: June 1, 2004

*served upon:*
David Anderson, Esq.   *(By First Class Mail)*
Latti & Associates LLP
30-31 Union Wharf
Boston, Massachusetts 02109

HYANNIS HARBOR TOURS, INC.
By its attorneys,

*Michael Rauworth*
Michael J. Rauworth, BBO# 547711
CETRULO & CAPONE LLP
World Trade Center East
Two Seaport Lane — 10th Floor
Boston, Massachusetts 02210
Tel: (617) 217-5500; fax: 617-217-5200
329889/02006/0036/RAUW