# CETRULO & CAPONE LLP

COUNSELLORS AT LAW

TWO SEAPORT LANE

BOSTON, MASSACHUSETTS 02210

TELEPHONE (617) 217-5500

FACSIMILE (617) 217-5200

www.cetcap.com

SENDER'S DIRECT DIAL: (617) 217-5219

SENDER'S E-MAIL: mrauworth@cetcap.com

NEW YORK, NEW YORK
TELEPHONE (212) 635-2230

PROVIDENCE, RHODE ISLAND
TELEPHONE (401) 274-7850



April 19, 2005

**By hand**
Mr. Rex Brown
   Courtroom Clerk to the Hon. Joyce London Alexander
UNITED STATES DISTRICT COURT
   FOR THE DISTRICT OF MASSACHUSETTS
1 Courthouse Way, Room 2300
Boston, MA 02210

   Re:   TREFNY V. HYANNIS HARBOR TOURS, INC.
         U.S.D.C. (Mass.) C.A. No. : 04-10798-NG

Dear Mr. Brown:

   In conformity with the matters discussed and agreed at the hearing on this matter last Friday, I am enclosing a "signature-ready" subpoena to the Department of the Navy in this case.

   As discussed at the hearing, this subpoena, per Navy statutes and regulations, must be signed by a judicial officer, in contrast to a subpoena to a private party. The Navy has pointed out that their procedures call for an original signature (vice a stamped signature), and so we would be grateful if you would make this point known to Magistrate Judge Alexander.

   This subpoena is an adaption of what we had originally sent out, and copied to plaintiff's counsel. The adaption results from the agreement reached between Attorney Anderson and myself in the lawyer's conference room where Magistrate Judge Alexander sent counsel to consult during the recess in the proceedings on this case — while the arraignment in the criminal case proceeded. I have adapted it to *exclude* the items on which Attorney Anderson and I could not agree during that conference on Friday. The adaptions occur in the body of the attached Schedule A, of course, rather than on the face of the subpoena itself.

   Attorney Anderson and I agreed that the items numbered 2, 3, 4. 6. 8, 9, 10, 12 and 13 could be contained in the resulting subpoena. In the "signature-ready" version enclosed, only those items (from the original subpoena) remain, with the others having been taken out. The remaining items have been renumbered in an unbroken sequence.

   There is only one exception, which is as to the original item 8, which was agreed to. As I looked at it following the conference, I realized that No. 8 referred to the preceding Item No. 7, (which was objected to), and was meaningless if No. 8 stood alone. Accordingly, I borrowed from No. 7 the language needed to make No. 8 make sense, omitting the elements of No. 7 that were objected to. The resulting item now appears, after the renumbering, as Item No. 5 in the

# CETRULO & CAPONE LLP

Mr. Rex Brown
UNITED STATES DISTRICT COURT
April 19, 2005
Page 2

resulting subpoena, reflecting the fact that three items — Nos. 1, 5, and 7 which had originally preceded it — have been removed.

    For comparison and for the Court's ease of reference, I have included a copy of the *original* Schedule A, identical to the text that Attorney Anderson and I marked up on Friday. This Schedule A appears in *both* of the original subpoenas enclosed for comparison. There were two, addressed to two *distinct* Navy commands, because I was unsure which command held the pertinent records on the plaintiff. The Navy has since advised that the resulting subpoena should be addressed to an entirely separate address in Washington, which is what I have inserted onto the face of the "signature-ready" version enclosed. Thus the original Massachusetts addresses have dropped out of the picture entirely, and after signature by Magistrate Judge Alexander, I will serve the resulting subpoena on the Washington address alone.

    Could you kindly give me a call once Magistrate Judge Alexander has executed the resulting subpoena, so that I can make arrangements to get it from you and have it served on the Washington address?

    For clarity, I should point out that the ECF notes of this hearing (copy attached) contain a misunderstanding — the point that was discussed and agreed upon had to do with this subpoena (which is for documents alone), rather than a matter of deposition schedule, which was not in dispute.

    Please feel free to call with any questions.

Very truly yours,

Michael J. Rauworth

Enclosures
cc:    David Anderson, Esq. *(by fax — enclosing only the resulting subpoena and adapted Schedule A — and by mail, with all enclosures)*

02006-0036
370038v1

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

For the _____ DISTRICT OF _____ the District of Columbia

Thomas W. Trefny

V.

Hyannis Harbor Tours, Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 04-10798-NG (USDC Mass.)

TO: General Counsel of the Navy, Navy Litigation Office
720 Kennon Street SE, Building 36, Room 233
Washington Navy Yard, DC 20374-5013

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Copies of those documents described in Schedule A, attached hereto and incorporated by reference

| PLACE | DATE AND TIME |
|---|---|
| Cetrulo & Capone LLP, World Trade Center East --- 10th Floor, Two Seaport Lane, Boston, Massachusetts 02210 (attn Michael Rauworth, attorney for defendant) | 5/31/2005 3:00 pm |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  |  |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Magistrate Judge Joyce London Alexander, United States District Court for the District of Massachusetts, 1 Courthouse Way, Boston, Massachusetts 02210 (c/o Rex Brown, Courtroom Deputy); 617-748-9238

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| THOMAS W. TREFNY,<br>    Plaintiff<br>v.<br>HYANNIS HARBOR TOURS, INC.,<br>    Defendant | CIVIL ACTION NO. 04-10798-NG |

SCHEDULE A
**List of Documents to Be Provided In Response to Subpoena**
(some of the following topics may overlap each other)

All documents called for pertain to the plaintiff, Thomas W. Trefny, DOB January 5, 1966; SSAN: 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 ("Trefny"), understood to be assigned to MSC EPU 101 or MSC Expeditionary Port Unit Detachment 101, which in turn is understood to be quartered at NRC Quincy. With the exception of the first one, these requests are focused on the time period of calendar years 2002 through 2004. These requests are limited to documents in the possession, custody, control or reasonable access of the organization that has received this Subpoena (the "Recipient").

1. All records in any way relating to Trefny's medical status or condition beginning July 1, 2002, and extending through December 31, 2003, including *without limitation* any records related to a knee condition as to which he underwent surgery during the second half of 2002, and all documentation (including physical examination records) of the process by which he returned to a status as physically qualified to perform naval duty.

2. All records in any way relating to Trefny's eligibility to perform duty (whether IDT drills, Annual Training, Extended Active Duty, mobilization duty, or otherwise), during any part of the period beginning July 1, 2002, and extending through December 31, 2003.

3. Any and all military orders (whether for IDT drills, or in connection with his medical status, or otherwise) during the period beginning July 1, 2002, and extending through December 31, 2003.

4. All documents in any way relating to Trefny's eligibility or non-eligibility to perform duty in a deployed or overseas status during any part of the period beginning July 1, 2002, and extending through December 31, 2003.

5. All documents in any way relating to the selection or non-selection of Trefny to receive an assignment in the Middle East (including without limitation Kuwait, Iraq, or any nation adjacent to the Persian Gulf) on *each occasion* (during any part of the period beginning July 1, 2002, and extending through December 31, 2003) on which anyone from Trefny's unit was actually sent to any such assignment.

6. Any documents relating to any military obligation on the part of Trefny to have *remained physically* present in Massachusetts during any part of the months of January through

June, 2003, or to have refrained from taking a seagoing job as a merchant mariner during any part of that same time period.

7. All documents reflecting any way in which Trefny's naval career might be adversely affected if he were to have accepted a seagoing job as a merchant mariner during any part of the months of January through June, 2003.

8. A photocopy of BUPERS directive 101.39D.

9. A photocopy of Chapter 15 of the Manual of the Medical Department.

AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

for the                          DISTRICT OF           Massachusetts

Thomas W. Trefoy

V.                                              **SUBPOENA IN A CIVIL CASE**

Hyannis Harbor Tours, Inc.

Case Number:[1]  04-10798-NG

TO: Commanding Officer or Officer-in-Charge, MSC EPU 101 or
MSC EPU Det. 101
c/o Commanding Officer, Naval Reserve Center Quincy
85 Sea Street, Quincy, Massachusetts 02169

*A TRUE COPY ATTEST DAVID D. AYLES, PROCESS SERVER AND DISINTERESTED PERSON*

[ ] YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  |  |
|  | DATE AND TIME |
|  |  |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
|  |  |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Those documents described in Schedule A, attached hereto and incorporated by reference

| PLACE | DATE AND TIME |
| --- | --- |
| Cetrulo & Capone, LLP; World Trade Center East — 10th Floor, Two Seaport Lane, Boston, Massachusetts 02210 | 4/6/2005  3:00 pm |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| /s/ Michael Rauworth, Attorney for Defendant | 3/29/2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael Rauworth, Esq., Cetrulo & Capone, LLP; World Trade Center East — 10th Floor, Two Seaport Lane, Boston, Massachusetts 02210;  617-217-5219

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number

| PROOF OF SERVICE | |
|---|---|
| DATE | PLACE |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the commanding party to contest the claim.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

THOMAS W. TREFNY,
  Plaintiff
v.
HYANNIS HARBOR TOURS, INC.,
  Defendant

CIVIL ACTION NO. 04-10798-NG

SCHEDULE A
List of Documents to Be Provided In Response to Subpoena
(some of the following topics may overlap each other)

All documents called for pertain to the plaintiff, Thomas W. Trefny, DOB January 5, 1966; SSAN: 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 ("Trefny"), understood to be assigned to MSC EPU 101 or MSC Expeditionary Port Unit Detachment 101, which in turn is understood to be quartered at NRC Quincy. With the exception of the first one, these requests are focused on the time period of calendar years 2002 through 2004. These requests are limited to documents in the possession, custody, control or reasonable access of the organization that has received this Subpoena (the "Recipient").

1. Trefny's personnel record or file, his medical record or file, and his training record or file.

2. All records in any way relating to Trefny's medical status or condition beginning July 1, 2002, and extending through December 31, 2003, including *without limitation* any records related to a knee condition as to which he underwent surgery during the second half of 2002, and all documentation (including physical examination records) of the process by which he returned to a status as physically qualified to perform naval duty.

3. All records in any way relating to Trefny's eligibility to perform duty (whether IDT drills, Annual Training, Extended Active Duty, mobilization duty, or otherwise), during any part of the period beginning July 1, 2002, and extending through December 31, 2003.

4. Any and all military orders (whether for IDT drills, or in connection with his medical status, or otherwise) during the period beginning July 1, 2002, and extending through December 31, 2003.

5. All documents relating to any discipline or personnel actions as regards Trefny.

6. All documents in any way relating to Trefny's eligibility or non-eligibility to perform duty in a deployed or overseas status during any part of the period beginning July 1, 2002, and extending through December 31, 2003.

7. All documents in any way relating to the selection of the specific individuals of the Unit for deployed assignments in the Middle East (including without limitation Kuwait, Iraq, or any nation adjacent to the Persian Gulf)on *each occasion* during any part of the period

beginning July 1, 2002, and extending through December 31, 2003 on which anyone from Trefny's unit was actually sent to any such assignment.

8. All documents in any way relating to the selection or non-selection of Trefny to receive an assignments in the Middle East on *each occasion* addressed in the previous paragraph.

9. Any documents relating to any military obligation on the part of Trefny to have *remained physically* present in Massachusetts during any part of the months of January through June, 2003, or to have refrained from taking a seagoing job as a merchant mariner during any part of that same time period.

10. All documents reflecting any way in which Trefny's naval career might be adversely affected if he were to have accepted a seagoing job as a merchant mariner during any part of the months of January through June, 2003.

11. All documents reflecting the retirement points accrued by Trefny during calendar years 2002 and 2003, and the duty or activity that was the basis for his earning the same.

12. A photocopy of BUPERS directive 101.39D.

13. A photocopy of Chapter 15 of the Manual of the Medical Department.

MARCH 29, 2005

# QUICKSERV
### ALLSTATE PROCESS SERVERS

## RETURN OF SERVICE

*I this day summoned the within named* COMMANDING OFFICER OR OFFICER IN CHARGE

   MSC EPU 101 OR MSC EPU DET. 101
   C/O COMM. OFFICER, NAVAL RES. CTR.

*to appear as within directed by delivering to*   COMMANDER J. BOZEMAN, 1:30 PM

 **X** *in hand, or*
   *leaving at last and usual place of abode, to wit:*

*No.*  85 SEA STREET
*in the* QUINCY    *District of said* NORFOLK    *County an attested copy of the subpoena together with*   $ 46    *fees for attendance and travel*

| | |
|---|---|
| *Service and travel*   28 | *it being necessary I actually used a motor vehicle in the distance of* 10 *miles in the service of this process* |
| *Paid Witness*   46 | |


Process Server

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

for the                                                                  DISTRICT OF

Thomas W. Trefny

V.

Hyannis Harbor Tours, Inc.

Massachusetts

**SUBPOENA IN A CIVIL CASE**

Case Number: 04-10798-NG

TO: Commanding Officer
    NAVAL RESERVE CENTER QUINCY
    85 Sea Street
    Quincy, Massachusetts 02169

A TRUE COPY ATTEST
DAVID D. AYLES, PROCESS SERVER
AND DISINTERESTED PERSON

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
Those documents described in Schedule A, attached hereto and incorporated by reference

| PLACE | DATE AND TIME |
| --- | --- |
| Cetrulo & Capone, LLP; World Trade Center East — 10th Floor, Two Seaport Lane, Boston, Massachusetts 02210 | 4/6/2005 3:00 pm |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| /s/ Michael Rauworth, Attorney for Defendant | 3/29/2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael Rauworth, Esq., Cetrulo & Capone, LLP; World Trade Center East — 10th Floor, Two Seaport Lane, Boston, Massachusetts 02210; 617-217-5219

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

¹ If action is pending in district other than district of issuance, state district under case number.

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE |
| SERVED | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

THOMAS W. TREFNY,
Plaintiff
v.
HYANNIS HARBOR TOURS, INC.,
Defendant

CIVIL ACTION No. 04-10798-NG

SCHEDULE A
List of Documents to Be Provided In Response to Subpoena
(some of the following topics may overlap each other)

All documents called for pertain to the plaintiff, Thomas W. Trefny, DOB January 5, 1966; SSAN: 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 ("Trefny"), understood to be assigned to MSC EPU 101 or MSC Expeditionary Port Unit Detachment 101, which in turn is understood to be quartered at NRC Quincy. With the exception of the first one, these requests are focused on the time period of calendar years 2002 through 2004. These requests are limited to documents in the possession, custody, control or reasonable access of the organization that has received this Subpoena (the "Recipient").

1. Trefny's personnel record or file, his medical record or file, and his training record or file.

2. All records in any way relating to Trefny's medical status or condition beginning July 1, 2002, and extending through December 31, 2003, including *without limitation* any records related to a knee condition as to which he underwent surgery during the second half of 2002, and all documentation (including physical examination records) of the process by which he returned to a status as physically qualified to perform naval duty.

3. All records in any way relating to Trefny's eligibility to perform duty (whether IDT drills, Annual Training, Extended Active Duty, mobilization duty, or otherwise), during any part of the period beginning July 1, 2002, and extending through December 31, 2003.

4. Any and all military orders (whether for IDT drills, or in connection with his medical status, or otherwise) during the period beginning July 1, 2002, and extending through December 31, 2003.

5. All documents relating to any discipline or personnel actions as regards Trefny.

6. All documents in any way relating to Trefny's eligibility or non-eligibility to perform duty in a deployed or overseas status during any part of the period beginning July 1, 2002, and extending through December 31, 2003.

7. All documents in any way relating to the selection of the specific individuals of the Unit for deployed assignments in the Middle East (including without limitation Kuwait, Iraq, or any nation adjacent to the Persian Gulf) on *each occasion* during any part of the period

8. beginning July 1, 2002, and extending through December 31, 2003 on which anyone from Trefny's unit was actually sent to any such assignment.

9. All documents in any way relating to the selection or non-selection of Trefny to receive an assignments in the Middle East on *each occasion* addressed in the previous paragraph.

10. Any documents relating to any military obligation on the part of Trefny to have remained *physically* present in Massachusetts during any part of the months of January through June, 2003, or to have refrained from taking a seagoing job as a merchant mariner during any part of that same time period.

11. All documents reflecting any way in which Trefny's naval career might be adversely affected if he were to have accepted a seagoing job as a merchant mariner during any part of the months of January through June, 2003.

12. All documents reflecting the retirement points accrued by Trefny during calendar years 2002 and 2003, and the duty or activity that was the basis for his earning the same.

13. A photocopy of BUPERS directive 101.39D.

14. A photocopy of Chapter 15 of the Manual of the Medical Department.

MARCH 29, 2005

## *QUICKSERV*
### ALLSTATE PROCESS SERVERS

# RETURN OF SERVICE

*I this day summoned the within named* COMMANDING OFFICER
　　　　　　　　　　　　　　　　　　　　NAVAL RESERVE CENTER
　　　　　　　　　　　　　　　　　　　　QUINCY

*to appear as within directed by delivering to* COMMANDER J. BOZEMAN, 1:30 PM

　X　*in hand, or*
　　　*leaving at last and usual place of abode, to wit:*

*No.*　85 SEA STREET
*in the* QUINCY　　　　*District of said* NORFOLK　　*County an attested copy of the subpoena together with* $ 46　　*fees for attendance and travel*

| | | |
|---|---|---|
| *Service and travel* | 28 | *it being necessary I actually used a motor vehicle in the distance of* |
| *Paid Witness* | 46 | 10　*miles in the service of this process* |

_____
Process Server

**Rauworth, Michael**

| | |
|---|---|
| From: | ECFnotice@mad.uscourts.gov |
| Sent: | Monday, April 18, 2005 5:54 PM |
| To: | CourtCopy@mad.uscourts.gov |
| Subject: | Activity in Case 1:04-cv-10798-NG Trefny v. Hyannis Harbor Tours, Inc. "Status Conference" |

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.
<!-- rcsid='\$Header: /ecf/district/html/TextHead,v 3.1 2003-04-25 07:56:43-04 loy Exp \$' -->
United States District Court District of Massachusetts

Notice of Electronic Filing
The following transaction was entered on 4/18/2005 at 5:54 PM EDT and filed on 4/15/2005

#ident 'rcsid=\$Header: /ecf/district/server/TextBody,v 3.1 2003-04-25 07:52:35-04 loy Exp \$'
Case Name: Trefny v. Hyannis Harbor Tours, Inc.
Case Number: 1:04-cv-10798 https://ecf.mad.uscourts.gov/cgi-bin/DktRpt.pl?91827

Document Number:
Copy the URL address from the line below into the location bar of your Web browser to view the document:

Docket Text:
Clerk's Notes for proceedings held before Judge Joyce London Alexander : Status Conference held on 4/15/2005. The Court ORDERS the parties to further discuss the issues during a recess and determine whether the case will proceed via mediation. After recess, Court resumes. The parties resolve the matter of the deposition schedule. The parties will contact the clerk of this Court regarding mediation. (Tape #Digital Recording.) (Brown, Rex)

The following document(s) are associated with this transaction:

<!-- rcsid='\$Header: /ecf/district/server/TextAtyList,v 3.2 2003-06-02 17:37:56-04 bibeau Exp \$' --> 1:04-cv-10798 Notice will be electronically mailed to:
David F. Anderson                        danderson@lattianderson.com

Michael J. Rauworth                      mrauworth@cetcap.com


1:04-cv-10798 Notice will not be electronically mailed to:

1