UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

THOMAS W. TREFNY,
    Plaintiff
v.
HYANNIS HARBOR TOURS, INC.,
      Defendant

CIVIL ACTION NO. 04-10798-NG

REPLY MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The defendant Hyannis Harbor Tours, Inc., submits this memorandum to respond to factual mischaracterizations and arguments in plaintiff's opposition memorandum.

**Request for Oral Argument**

Defendant requests oral argument on the pending summary judgment motion, suggesting it as useful to the Court's understanding of the issues.

**ARGUMENT**

**I. TREFNY'S OPPOSITION ACKNOWLEDGES THE PIVOTAL FACTUAL POINT**

Trefny's opposition acknowledges that he cannot establish the presence of any foreign object on the gangway he was crossing when he claims to have slipped. Plaintiff's Response to Defendant's Statement of Undisputed Fact No. 3. This admission establishes the key factual point put in issue by the motion. Trefny thus concedes significant culpability elements — neither Jones Act negligence nor unseaworthiness can be predicated upon the alleged presence of a foreign object on the gangway. And the shortfall of proof as to that factual allegation is *also* fatal to causation with respect to the *remainder* of his damages claim, as shown below.

**II. TREFNY'S CLAIMS OF UNDISPUTED FACTUAL PROPOSITIONS ARE UNSUPPORTED AND BESIDE THE POINT**

Trefny's opposition makes a number of factual assertions about his claim that he was "running in the dark." But with no authority other than Trefny's own say-so (his opposition

contains nothing else), his submission characterizes these as "undisputed." This is quite incorrect, and is unsupported by any evidence attributable to Hyannis.

But more than this, his factual allegations about "running in the dark" are simply *beside the point* as to the pivotal element of Hyannis' summary judgment motion, which has to do with lack of proof of *causation* under this theory.

From the outset, Hyannis did not undertake to bring into its motion the questions of *culpability* as to Trefny's "running in the dark" theory. Those questions would require a jury to evaluate *both* parties' conduct against, for example, the standard of due care. And the idea of Trefny's *running* (as he claims) across a gangway that is as *dark* as he claims means the trier of fact will have a *very* considerable quantum of comparative negligence to consider and allocate. Because of the "jury-centric" nature of these issues, Hyannis did not see it as cost-effective to take up such issues of culpability, and expected to deal with them, if necessary, only at trial.

Thus as regards the "running in the dark" theory, Hyannis' motion offered a challenge *only* as to the element of the *mechanism of causation*. As a result, the plaintiff's factual claims and arguments relating to culpability have no bearing, because they do not speak to the motion's *real* issue, which is whether Trefny can prove the causal link in *his own* account of events. Plaintiff's culpability assertions about "running in the dark" are thus a red herring in the context of this motion.

### III. TREFNY CANNOT PROVE HIS OWN ACCOUNT OF THE CAUSAL RELATIONSHIP BETWEEN HIS CLAIMED INJURY TO HIS ASSERTIONS ABOUT "RUNNING IN THE DARK"

Trefny's opposition suggests that the alleged "foreign object" affects this case *only* as a matter of culpability — *i.e.,* negligence or unseaworthiness by reason if its very *presence* on the gangway.[1] This is far from correct. Hyannis' motion *also* addressed the question of the alleged

---

[1] Hyannis' motion *does* address those points, but as noted above in Section I, Trefny has essentially conceded them — he admits to a lack of evidence to rebut the testimony of the ship's master that there simply was

"foreign object," quite separately, as a matter of Trefny's burden of proof on *causation* as to his allegations of "running in the dark." All matters of culpability to one side, his inability to prove *causation* is fatal to those claims. This is a key point of the motion, one that the opposition simply did not address.

According to Trefny himself, the mechanism of his alleged injury was that he hurt his knee because he slipped on some foreign object while going up the gangway to the vessel. His claims this happened because he was "running in the dark," and for this reason he could not *see* some foreign object, on which he slipped. His own account has thus made the "foreign object" a matter of "but for" causation as to his claims about "running in the dark."

The master of the *Grey Lady II* has testified that there was no foreign object on the gangway. This is in the summary judgment record. As noted in Section I above, Trefny's declaration and opposition memorandum have made clear that he cannot contradict the master's testimony.[2] A finding that a "foreign object" was present is thus precluded as a matter of law. In fact, based on the record, partial summary judgment is warranted on this isolated factual point, independently of any others.

This means that the jury would not be permitted to find that a "foreign object" was actually present — quite properly so, because to leave this open to the jury would be to permit proof of causation by the mere *happening* of an accident.

As a result, even if culpability were hypothetically admitted as to the "running in the dark" theory, this would not help the plaintiff save his case. "Running in the dark" supposedly affected

---

no foreign object. But the Hyannis motion certainly does not limit itself to these points alone, as Trefny seems to suggest.

[2]    Trefny has claimed that he could not see the object because of his allegations about lighting and pace of operations. But *by his own account*, he crossed that same gangway again, *twice*, after he claims to have first felt discomfort in his knee, and he does not claim to have been running on these two later occasions. He is nevertheless unable to provide the key evidence, whatever this may be attributed to.

Trefny by preventing him from seeing the gangway. But the thing he says he slipped on — as a result of "running in the dark" — cannot be shown to have been present. This is simply a matter following the linkage of his own account of how he claims he was hurt. Without proof of the foreign object, his account collapses. To let this case proceed to trial would place Trefny of having to argue to the jury, in effect: "I slipped and hurt my knee because I couldn't see the thing that wasn't there." It could not produce a sustainable verdict.

Because Trefny cannot complete the factual proof of the "but for" chain of causation between his allegation of "running in the dark" and his allegation of damages, he cannot make out a *prima facie* case on his claims for damages (negligence and unseaworthiness), and summary judgment should enter against him on this front.

### IV. TREFNY HAS ADMITTED THAT THE DUTY OF "CURE" WAS FULLY DISCHARGED, AND THAT MAINTENANCE PAYMENTS WERE MADE FOR THE WHOLE TIME PERIOD THE LAW REQUIRES

Trefny offers nothing to rebut Hyannis' evidence that his medical bills were discharged in full. There is thus no issue as to the defendant's liability for cure — there is no obligation remaining. At the very least, partial summary judgment for the defendant is thus in order on this point. As to maintenance, Trefny challenges only the amount, not the duration — Hyannis' evidence as to the end point of the maintenance obligation is unrebutted. Likewise, at the very least, partial summary judgment for the defendant is in order as to the question of the *duration* of maintenance.

**WHEREFORE, INASMUCH AS** the application of the law to the facts shows that Hyannis is entitled to judgment as a matter of law, Hyannis respectfully urges that judgment enter in its favor dismissing Trefny's claims for damages, and that partial summary judgment enter as to the two points connected with his claim for maintenance and cure, affording to Hyannis any additional relief that the Court deems appropriate.

**CERTIFICATE OF SERVICE:** By my signature below, I, Michael Rauworth, hereby certify that on the date set forth below, I have electronically filed this document with the Clerk of Court using the CM/ECF system, which will send notification of such filings(s) to the attorneys designated below as ECF recipients, and I hereby certify that on the same date, I have mailed, via United States Postal Service, the document(s) to the non-registered participants reflected below as being provided copies by mail.

Dated: May 12, 2005

*served upon:*
David Anderson, Esq.   *(By ECF notice)*
Latti & Associates LLP
30-31 Union Wharf
Boston, Massachusetts 02109

**HYANNIS HARBOR TOURS, INC.**
By its attorneys,

___/s/ Michael Rauworth_____
Michael J. Rauworth,  BBO# 547711
**CETRULO & CAPONE LLP**
World Trade Center East
Two Seaport Lane — 10th Floor
Boston, Massachusetts 02210
Tel: (617) 217-5500; fax: 617-217-5200